IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

DUSTIN ROY ROCKMEN,

        Defendant.

23-CR-01774 WJ

### SENTENCING MEMORANDUM OF THE UNITED STATES

**COMES NOW** the United States of America, by and through counsel of record Assistant United States Attorney Robert James Booth II and files this Sentencing Memorandum as to Defendant Dustin Roy Rockmen, (hereinafter "Defendant"). The United States requests that this honorable court sentence Defendant in accordance with the Plea Agreement entered into by the parties in this matter. Doc. 54. The proposed sentence is sufficient, just, and reasonable, but not greater than necessary to comply with the sentencing considerations outlined in 18 U.S.C. § 3553(a)(2).

I. **PROCEDURAL HISTORY**

1. On December 6, 2023, Defendant was indicted by a Grand Jury in this matter for acts all stemming from the sexual abuse of Jane Doe, a minor. Doc. 2.

2. On January 3, 2024, Defendant was arrested and taken into custody pursuant to that indictment. Doc. 6.

3. On January 9, 2024, Defendant was released to the custody of the La Pasada Halfway House, where he has remained since that time.

4. On October 15, 2024, Defendant pled guilty to Count 1 of the Indictment - Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b), pursuant to a Plea Agreement reached by the parties, which if accepted by the Court would have the Defendant serve a period of 17 years of incarceration. Doc. 54.

5. A Presentence Investigation Report was completed in this matter by Senior United States Probation Officer Melissa D. Corella and filed with the court on December 6, 2024. Doc. 65.

## II. PRESENTENCE INVESTIGATION REPORT

Officer Corella determined and reported in the Presentence Investigation Report (hereinafter "PSR") that Defendant has a criminal history category of I. *Id.* at ¶ 50. It was also determined that if Defendant had been convicted at trial on all of the counts with which he had been indicted that his offense level would have been 42. That offense level combined with Defendant's criminal history category yields a guideline imprisonment range of 360 months to lifetime incarceration. *Id.* at ¶ 83. The PSR also provides that after receiving a three-point deduction for the acceptance of responsibility that Defendant's total offense level for the sole count to which he is pleading guilty is 36. *Id.* at ¶ 45. This combined with his criminal history category yields a sentencing range of 188 – 235 months of incarceration. *Id.* at ¶ 82. The United States agrees with this total offense level, criminal history category, and advisory guideline range.

## III. SENTENCING REQUEST

The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining a sentence that is sufficient but not greater than necessary to achieve the statutory purposes of federal sentencing. See <u>United States v. Booker</u>, 543 U.S. 220 (2005). The United States respectfully requests, in accordance with the plea agreement reached by the parties, that this Court sentence

Defendant to a term of 17 years (204 months) of incarceration which is just below the middle of the advisory guideline range. Such a sentence in this case is sufficient but not greater than necessary, to comply with the 18 U.S.C. § 3553(a) factors.

1. **The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant.**

Defendant's overall conduct in this matter involved him engaging in repeated sexual acts with Jane Doe, threatening Jane Doe in order to get her to continue engaging in sexual acts with Defendant, distributing an image of Jane Doe engaged in a sexual act with Defendant and sending pornographic images to Jane Doe. All of these acts are the fruit of the count to which Defendant has pled guilty, that being coercion and enticement of a minor in violation of 18 U.S.C. § 2422(b). As this conduct did involve a minor, the nature and circumstances of the offense do merit a 17-year term of incarceration.

Defendant has a criminal history category of I and received one criminal history point for assaulting a woman that he had previously been in a relationship with in 2014. *Id.* at ¶ 48. Though the ultimate dispositions are unknown, Defendant's PSR also reflects an event in July of 2019 when he tried threatened to chop the head off of Jane Doe, a minor and the victim in this matter, as well as an event in February of 2017 when Defendant threatened his cousins with a machete. Though Defendant has a criminal history category of I, his history of violence does support a sentence of 17 years of incarceration in this matter.

2. **Need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, adequate deterrence, and to protect the public from further crimes of Defendant.**

A sentence of 17 years in this matter clearly reflects the seriousness of the offense, provides a just punishment in this matter. For that period of 17 years the public will be protected from further crimes of Defendant. As this is the first federal offense for Defendant a sentence of 17 years of incarceration should serve as an adequate deterrence to members of the community at large.

3. **Provide the Defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner.**

Prior to his detention and subsequent release to La Posada in this matter Defendant stated that he was smoking 2.5 grams a day of marijuana and at this time Defendant still has cravings for the drug. The Defendant states that he enrolled in college for approximately two weeks before dropping out. A sentence of 17 years of incarceration will provide Defendant with the opportunity to both address his marijuana addiction as well as the opportunity to resume educational training.

IV. **Conclusion**

For the reasons stated above, the United States respectfully requests that this Court impose a sentence of 17 years of incarceration. Such a sentence is sufficient, but not greater than necessary, to comply with the purposes of sentencing.

Respectfully submitted,
ALEXANDER M.M. UBALLEZ
United States Attorney

/s/ Electronically Filed 1/8/2025
ROBERT JAMES BOOTH II
Assistant United States Attorney
201 3rd St. NW, Suite 900
Albuquerque, NM 87102
(505)346-7274

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to counsel of record.

Filed Electronically on January 8, 2025
ROBERT JAMES BOOTH II
Assistant United States Attorney